# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RENE SILVEIRA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SIX UNKNOWN NAMES AGENTS OR MR. PRESIDENT OF THE UNITED STATES BARACK OBAMA,<br><br>　　　　　Defendant(s).<br>_____/ | CASE No.   1:12-cv-01442-AWI-MJS (PC)<br><br>ORDER STRIKING COMPLAINT AND REQUIRING PLAINTIFF TO FILE SIGNED COMPLAINT FORM AND EITHER FILE APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE WITHIN FOURTEEN DAYS<br><br>(ECF No. 1) |

　　On September 4, 2012, Plaintiff, a federal prisoner proceeding pro se, filed what was construed as a civil rights complaint pursuant to <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971). (Compl., ECF No. 1.) The purported complaint is not signed. It sets forth no intelligible claims for relief.

　　The Court can not consider unsigned filings. ( Fed. R. Civ. P. 11(a) ("[E]very pleading . . . must be signed . . . by a party personally if the party is unrepresented.") The purported Complaint shall be stricken from the record for that reason.

-1-

Additionally, a civil action may not proceed without the submission of either the filing fee or the grant of in forma pauperis status. 28 U.S.C. §§ 1914, 1915.

Plaintiff has fourteen days to file a signed complaint that complies with Federal Rule of Civil Procedure 8(a).[1] Plaintiff must also either file a motion seeking leave to proceed in forma pauperis or pay the $350.00 filing fee in full.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's Complaint (ECF No. 1) is stricken from the record for lack of signature,

2.  The Clerk's Office shall send Plaintiff a Bivens complaint form and an application to proceed in forma pauperis, and

3.  Within fourteen (14) days from the date of service of this order, Plaintiff must file a signed complaint and either file a motion seeking leave to proceed in forma pauperis or pay the $350.00 filing fee for this action.

IT IS SO ORDERED.

Dated:   December 18, 2012              /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009). To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.