IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RENE SILVEIRA,<br><br>Plaintiff,<br><br>vs.<br><br>SIX UNKNOWN NAMES AGENTS OR MR. PRESIDENT OF THE UNITED STATES BARACK OBAMA,<br><br>Defendant(s).<br>_____/ | CASE No. 1:12-cv-01442-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO OBEY A COURT ORDER<br><br>(ECF No. 2)<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

On September 4, 2012, Plaintiff, a federal prisoner proceeding pro se, filed what was construed as a civil rights complaint pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). (ECF No. 1.) The purported complaint is not signed. It sets forth no intelligible claims for relief.

-1-

On December 19, 2012, the Court struck the Complaint and required Plaintiff to file a signed complaint and either file an application to proceed in forma pauperis or pay the filing fee by not later than January 7, 2013. (ECF No. 2.) The January 7, 2013 deadline passed without Plaintiff filing a signed complaint form, filing an application to proceed in forma pauperi, paying the filing fee or requesting an extension of time to do so.[1]

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

"The public's interest in expeditious resolution of litigation always favors dismissal," id., quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999), and here, the action has been pending since September 4, 2012. Plaintiff's failure to keep the Court apprised of his current address may reflect Plaintiff's lack of interest in prosecuting his case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who has not taken steps to ensure that he will receive the Court's mail. Thus, both the first and second factors weigh in favor of dismissal.

---

[1] The United States Postal Service returned the Order on January 3, 2013 as undeliverable. Plaintiff has not notified the Court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

1    Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id., citing Yourish 191 F.3d at 991. However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to notify the Court of his current address that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Pagtalunan, 291 F.3d at 643.

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed without prejudice based on Plaintiff's failure to obey the court's Order of December 19, 2012.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

1   Failure to file objections within the specified time may waive the right to appeal
2 the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 27, 2013                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

-4-